Chickering<br>v.<br>Greenleaf.

payable in specific articles, yet, it is believed, that nobody would think of making a note payable in any property he might possess, or, in other words, in any property of his that could be attached or taken in execution. But it may very well be conceived that the debtor might wish for a stipulation that should make his property only, liable for the debt. And we think it a strong argument in favor of this construction of the note, that these words are immediately followed by the clause, which declares, that the body shall not be liable to arrest, by virtue of any process.

We are of opinion that the plaintiff is entitled to judgment ; but as it appears that, by the contract, the body of the defendant was not to be liable to arrest, we shall order the clerk, in issuing the writ of execution, to omit the clause which directs an arrest of the body.

*Judgment for the plaintiff.*

## The State *versus* Jesse Follet.

An indictment alleged that F. sold to one E. " a part of a ticket, to wit, one quarter part of a ticket in a certain lottery not authorized by the legislature of this state," without any description of the ticket, or of the lottery to which it belonged. It was held, as there was no lottery authorized by the legislature, that the indictment was sufficient.

This was an indictment, alleging " that Jesse Follet, of Concord, &c. on 1st December, 1829, with force and arms, at Concord, in the county of Merrimack aforesaid, unlawfully did sell to one F. E. a part of a ticket ; that is to say, one quarter part of a ticket, at and for the price of fifty cents, in a certain lottery not authorized by the legislature of said state, contrary to the form of the

State
v.
Follet.

statute in such case made and provided, and against the peace and dignity of the state. The respondent demurred to the indictment, and the attorney general joined in demurrer.

*I. Bartlett*, for the respondent, cited the following cases. 2 D. & E. 581, *The King* v. *Mason* ; Cowper, 682, *Rex* v. *Horne* ; 1 Strange, 497, *Rex* v. *Sparling* ; 2 Strange, *Rex* v. *Pappineau* ; 2 Burrows, 1127 ; 4 ditto, 2471 ; 1 D. & E. 222, *The King* v. *Trelawney* ; 2 Pick, 139, *Commonwealth* v. *Maxwell* ; 8 Mass. Rep. 107, *Commonwealth* v. *Houghton.*

*Sullivan*, attorney general, cited 5 Pick. 41, *Commonwealth* v. *Clapp* ; & ibid. 42, *Commonwealth* v. *Hooper.*

*By the court.* It is insisted, in this case, that the indictment is insufficient, because the ticket, a part of which was sold, is not described, nor the lottery to which it belonged, stated.

The rule is, that the charge must contain such a description of the crime, that the respondent may know for what crime he is to answer, that the jury may appear to be warranted in their conclusion of guilty or not guilty, upon the premises delivered to them, and that the court may see such a definite crime that they may apply the punishment which the law prescribes. Whatever circumstances are necessary to constitute the crime imputed, must be set out, and all beyond this is surplusage. Cowper 682.

It is alleged, in this indictment, that the respondent sold part of a ticket, in a certain lottery, not authorised by the legislature of the state.

Now, according to the rule above stated, if there were no tickets in any lottery, which were not within the prohibition of the statute, the crime is here alleged with sufficient certainty. For in that case it is wholly immaterial what kind of a ticket was sold, and to what lottery it belonged. When the sale of all tickets is prohibited,

it must be mere surplusage to describe, in the indictment, either the ticket or the lottery.

But if there were any tickets, in any lottery, which might be lawfully sold in this state, the indictment is defective. In that case it ought to be alleged what the tickets were, or at least to what lottery they belonged, that it might be seen whether the sale was lawful, or not.

These rules are applied in many cases cited by counsel, and in some cases which have not been cited.

8 B. & C. 114, *The King* v. *Everett*, 1 Chitty's Reports, 698.

We are not aware that there was, at the time alleged in the indictment, or that there has been at any time since, any lottery authorised by the legislature of this state, and are of opinion that the indictment must be adjudged sufficient.